Madkins v 22 Little W. 12th St., LLC (2021 NY Slip Op 00628)





Madkins v 22 Little W. 12th St., LLC


2021 NY Slip Op 00628


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 153651/14 Appeal No. 13050 Case No. 2020-01988 

[*1]Phillip Madkins, Plaintiff-Appellant-Respondent,
v
22 Little West 12th Street, LLC, et al., Defendants-Respondents-Appellants.
Katselnik & Katselnik Group, Inc., et al., Third-Party Plaintiffs-Respondents-Appellants,
v
Handco Welding, Third-Party Defendant-Respondent.
Katselnik & Katselnik Group, Inc., et al., Second Third-Party Plaintiffs-Respondents-Appellants
v
Northeast Service Interiors LLC, Second Third-Party Defendant-Respondent.


The Perecman Firm, P.L.L.C., New York (David Perecman of counsel), for appellant-respondent.
Kennedys CMK LLC, New York (Carol R. Finocchio of counsel), for respondents-appellants.
Law Office of Kevin P. Westerman, Elmsford (Jonathan R. Walsh of counsel), for Handco Welding, respondent.
Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Laura M. Mattera of counsel), for Northeast Service Interiors LLC, respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered September 18, 2019, which denied plaintiff's motion for summary judgment on his Labor Law § 240(1) claim, denied defendants Katselnik & Katselnik Group, Inc. and Katselnik & Katselnik, Inc. d/b/a K&K Construction (together, Katselnik), 22 Little West 12th Street, LLC, and LW 12th Street Holding, LLC's motion for summary judgment on Katselnik's claims for contractual indemnification against third-party defendant Handco Welding and second third-party defendant Northeast Services Interiors LLC, and granted Northeast's motion for summary judgment dismissing the second third-party complaint, unanimously modified, on the law, to deny Northeast's motion and grant Katselnik's motion to the extent of granting it conditional summary judgment on its contractual indemnification against Northeast and Handco, and otherwise affirmed, without costs.
Plaintiff commenced this action to recover for personal injuries he allegedly sustained when bricks fell down an elevator shaft in a building under construction in which he was working and struck him. Issues of fact as to how the accident happened, inter alia, preclude summary judgment in plaintiff's favor on his Labor Law § 240(1) claim (see Nieves v Trustees of Columbia Univ. in the City of New York, 158 AD3d 464 [1st Dept 2018]).
It is clear which trade generated the brick that allegedly struck plaintiff and issues of fact exist as to whether Northeast was demolishing the bulkhead on the roof, which generated brick debris, on the day of the accident. Therefore, Katselnik's claims against Northeast for common-law and contractual indemnification and contribution should not be dismissed. Moreover, because Northeast failed to submit evidence demonstrating that it complied with its contractual obligation to procure insurance, it is not entitled to dismissal of the claim against it for breach of contract for failure to procure insurance (Simon v Granite Bldg. 2, LLC, 114 AD3d 749, 756 [2d Dept 2014]).
Katselnik is entitled to conditional summary judgment on its claim for contractual indemnification against Northeast subject to a determination whether plaintiff's accident arose out of Northeast's work or any negligent act or omission by it (see Sanchez v 404 Park Partners, LP, 168 AD3d 491, 493 [1st Dept 2019]). Katselnik is also entitled, subject to a determination whether it was negligent, to conditional summary judgment on its contractual indemnification claim against Handco (see Aramburu v Midtown W. B, LLC, 126 AD3d 498, 500 [1st Dept 2015]). The broad indemnification provision in Handco's subcontract requiring it to indemnify Katselnik, "[t]o the extent permitted by law," against any damages or liability "which arise out of or are connected with or are claimed to arise out of or be connected with" Handco's work or any negligent act or omission by it "was triggered by this action, in which plaintiff, a [Handco] employee, seeks damages for injuries [*2]he sustained while performing [Handco]'s work" (id.).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021